United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-51226
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE PARRA-CORTEZ, also known as Jose Martinez Hernandez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-799-DB-ALL
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

      Jose Parra-Cortez (Parra) appeals his guilty-plea conviction
and sentence for importing 100 kilograms or more of marihuana and
assaulting a federal officer.  Parra argues that his guilty plea
was not knowingly and voluntarily entered, that the district
court failed to comply with FED. R. CRIM. P. 11, and that, with
respect to his sentence, the district court erred by not allowing
him a downward adjustment pursuant to the safety valve provision,
U.S.S.G. § 5C1.2.  Acknowledging the waiver-of-appeal provision

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in his plea agreement, Parra also couches his arguments on appeal in terms of ineffective assistance of counsel and prosecutorial misconduct.

Parra's contention that the district court failed at rearraignment to advise him of the mandatory minimum sentence or to discuss the fact that the safety valve adjustment was not included in the plea agreement is belied by the record. Indeed, Parra presents no evidence of any Rule 11 violation. The record also establishes that Parra knowingly and voluntarily waived the right to appeal his sentence on any ground except for prosecutorial misconduct or ineffective assistance of counsel. See United States v. Melancon, 972 F.2d 566, 568 (5th Cir. 1992).

His contention that the prosecutor committed prosecutorial misconduct by stating that Parra qualified for the safety valve adjustment but not arguing on his behalf at sentencing for application of the adjustment is without merit. Furthermore, there is no evidence in the record that the Government or the judge made any promise relating to the safety valve adjustment.

In sum, the only thing that remains of any claims made by Parra in this proceeding is his ineffective assistance claim relating to the safety valve adjustment. The record is not adequately developed for us to address this issue on direct appeal. See United States v. Sanchez-Pena, 336 F.3d 431, 445-46 (5th Cir. 2003).

AFFIRMED.